# SUPREME COURT.

## DAVID HOTCHKISS agt. OLIVER C. CROCKER.

## JOHN W. HOLDEN agt OLIVER C. CROCKER and DAVID HOTCHKISS.

Where the summons and complaint are served together, and the *summons* states the name of the *county*, but no place of trial is stated in the complaint, *held*, that the complaint is *defective*; but may be amended.

This defect is not cured by a reference to the summons, as the statement in the summons does not necessarily show that it is put there to indicate where the place of trial is to be. The plaintiff may indicate any county as the place of trial, notwithstanding the name of a county may be mentioned in the summons. Besides, the Code does not require the county to be stated in the summons, as it establishes nothing if inserted. (*The decision in the case of Merrill* agt. *Grinnell*, 10 *How*. 31, *approved, and that in Davison* agt. *Powell*, 13 *id.* 287, *disapproved.*)

A motion to strike out such defective complaint may be made in a judicial district where the action in fact is triable.

*Tioga Special Term, March,* 1858.

IN this case the summons and complaint were served to-gether.

MR. RICHARDS, *for motion.*
MR. HOTCHKISS, *contra.*

MASON, Justice. These are two motions made by the defendants in each of the entitled causes, to strike out the complaints for the reason that no place of trial is stated in the complaint. The 142d section of the Code, declares that the complaint shall contain the name of the county in which the plaintiff desires the place of trial to be had, and I think that the case of *Merrill* agt. *Grinnell and others*, (10 *How. Pr. R.* 31,) was rightly decided. That case holds that the complaint is defective when no place of trial is stated in the complaint,

and that the complaint will be regarded as irregular on a motion to strike out. This defect is not cured by a reference to the summons, as the statement of the name of the county in the summons does not necessarily show that it is put there to indicate where the place of trial is to be. The plaintiff may indicate any county as the place of trial, notwithstanding the name of a county may be mentioned in the summons. (10 *How. R.* 32.)

The plaintiff lives in Cayuga county, and defendants live in Broome county, and the summons states Cayuga county, and this motion is made at the Tioga special term. The plaintiff claims and insists upon the authority of the case of *Davison* agt. *Powell,* (13 *How. Pr. R.* 287,) that the place of trial is sufficiently indicated by the summons to require the defendant to make his motion in the seventh judicial district, or in some county adjoining Cayuga. I cannot concur in the decision in that case; and besides, the case before us is distinguishable from that. In that case the summons stated that the complaint would be filed in the office of the clerk of the city and county of New-York, at the city hall. The summons in the cases under consideration, does not state where the complaint will be filed, and the only statement of any county, is in the following form and manner: " *Sup. court, county of Cayuga.*" This does not aid the complaint, for the Code does not require the county to be stated in the summons, and it establishes nothing when it is inserted. It cannot aid the complaint. This action is triable either in the county of Cayuga or Broome, and as the plaintiff has not indicated any county in his complaint in which he desires the trial to be had, I see no reason why the motion may not be made in the district where the defendants reside, as well as those where the plaintiff resides. These motions must be granted unless the plaintiff elects to amend his complaint in ten days after service of a copy of this order, and pay $10 costs of these motions; $5 in each suit.